515 P.2d 1274

**Wayne GUNNELL and other unnamed persons, Plaintiffs and Appellants,**

**v.**

**HURST LUMBER COMPANY, a corporation, and Hurst Lumber Company Profit Sharing Trust, Defendants, Respondents and Cross-Appellants.**

**No. 13263.**

Supreme Court of Utah.

Nov. 5, 1973.

8.  5 C.J.S. Appeal and Error § 1464(1).

Richard Richards, of Mecham & Richards, Ogden, for appellant.

LaVar E. Stark, Ogden, for respondent.

ELLETT, Justice:

The plaintiffs sought a declaratory judgment holding the land of Hurst Lumber Company subject to certain restrictive covenants. The case was tried to a jury on the theory that the land would be subject to the covenants if Hurst had notice thereof at the time of purchase. The jury found by means of a special verdict that Hurst did have knowledge of the covenants at the time of purchase. The trial judge then decided as a matter of law that the land was not subject to the covenant, and plaintiffs bring this appeal.

The facts are not in dispute.

The respondents purchased land from Anderson. Anderson and several other neighbors owned contiguous unimproved and undeveloped land within the limits of Ogden City, Utah. They signed and filed a petition with the city authorities seeking to have their land re-zoned so as to permit the construction of multiple dwelling units or apartments. They also signed a document containing certain restrictive covenants conditioned upon the securing of the requested re-zoning. The petition was denied, and the document was never filed of record.

Three months later all of the landowners except Anderson filed another petition requesting a change in the zoning ordinance. However, the Anderson land was not included in the petition. About one month later an ordinance was passed re-zoning the Anderson land as well as that described in the petition on file. Nineteen days later a new document of protective covenants signed by all of the landowners except Anderson was recorded.

The plaintiffs contend that Anderson's land would be subject to the covenants because Anderson had signed the first document and petition.

The answer to that contention is to be found in the fact that the first document was signed in an effort to get the city authorities to re-zone the land. The parties had theretofore tried to have the land re-zoned, but the city had refused to re-zone because of the opposition of neighbors. The effort to have the zoning ordinance amended failed, and the proposed covenants were abandoned. The subsequent document containing covenants differed from the first one in a number of particulars, and, besides, it did not contain either the signature of Anderson or a description of his land. None of the people who signed the subsequent document of covenants claim to be bound by the provisions

of the first document. However, all of them admit that their land is subject to the restrictions provided for in the latter document.

██ The fact that land other than that described in the petition and the document of covenants was re-zoned is of no importance. The extent of the land within a zoned district is a matter which lies in the discretion of the city authorities, and one whose land is re-zoned cannot complain if the land belonging to others is likewise re-zoned.

Our statute [1] provides that no estate or interest in land, except leases for a term not exceeding one year, shall be created except by operation of law or by deed or conveyance in writing subscribed by the party granting the same.

The Restatement of Property, Chapter 44, Section 522, states that a promise that land will be used in a certain way operates to create an interest in land and that it is within a statute of frauds which requires an interest in land to be created by an instrument in writing.

If these plaintiffs had wanted the Anderson land to be under the restrictive or protective covenants, they should have had Anderson sign the document.

The court was correct in holding that the land was not subject to the covenants and that knowledge on the part of Hurst was immaterial.

The judgment is affirmed, and costs are awarded to the respondents.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.